## Althouse v. Althouse et al.

*K. L. Shirk*, for first rule; *Willis G. Kendig*, for second rule.

LANDIS, P. J., April 13, 1929.—On May 23, 1928, the use-plaintiff issued a *scire facias sur* judgment to revive the judgment entered to May Term, 1924, No. 32, for $3068. On June 4, 1928, H. S. Zimmerman filed an affidavit of defense. Therein he averred that on or before April 28, 1924, the Terre Hill National Bank held a promissory note for $3000, of which Filena K. Althouse was the maker and Zimmerman was the accommodation endorser; that on that day the bank brought suit to May Term, 1924, No. 32, against both Filena K. Althouse and Zimmerman, and on May 22, 1924, judgment was entered against both of them for $3068. On Aug. 19, 1924, this judgment was transferred to the People's Trust Company of Lancaster, Pa., and on April 13, 1928, the whole amount due, namely, $3068, was paid to the People's Trust Company of Lancaster, Pa., who, instead of satisfying it, made a transfer to Filena K. Althouse, the present use-plaintiff. Zimmerman claims that as the original debt was that of Filena K. Althouse, and he was only an accommodation endorser, she could not obtain a transfer of the judgment so as to use it against him. On June 11, 1928, the use-plaintiff obtained a rule for judgment for want of a sufficient affidavit of defense.

On Oct. 20, 1928, Zimmerman presented his petition and obtained a rule to show cause why the said judgment should not be marked satisfied. In this petition he states the facts substantially as above recited. The depositions of the parties were taken on the said rule. The parties differ very little in their statements as to what occurred before and at the time the note and other papers were signed. It seems that the La Park Plant and Seed Company, of which Zimmerman was then treasurer and a director, was offering common and preferred stock for sale. E. E. Currens was one of its salesmen. He called on Mrs. Althouse and obtained her subscription for twenty shares of common and twenty shares of preferred stock of the La Park Seed and Plant Company. She gave him in payment a note for $3000. Currens took this note to Zimmerman, and he rejected it because he did not know the maker. Currens then went back to Mrs. Althouse and obtained from her a mortgage on her real estate, with an accompanying bond, for $3000, which was to be used as collateral security for the note, and the stock was subsequently delivered to her. Zimmerman took the note, with the collateral, to the Terre Hill National Bank, who discounted it. The mortgage was either given to or transferred to the bank. Zimmerman signed his name as endorser on the note, and the proceeds were credited to his account. He, in turn, paid the amount of it into the treasury of the La Park Seed and Plant Company. Subsequently, the Terre Hill National Bank brought suit against Mrs. Althouse and Zimmerman on the note and obtained a judgment against them for $3068. As that bank insisted upon the payment of the money, Mrs. Althouse made arrangements with the People's Trust Company of Lancaster, Pa., to furnish it. The judgment was thereupon transferred to the latter company. Some time after that, Mrs. Althouse raised the money and paid off the People's Trust Company, and that company transferred the security to her. She is now endeavoring to enforce the judgment against Zimmerman. The La Park Plant and Seed Company went into bankruptcy and its stock became valueless. It is admitted that Zimmerman was not present when any of the papers were signed by Mrs. Althouse, and it has not been shown that he at any time made any representations to her to induce her to purchase the stock and sign the note and mortgage.

It must be remembered that Mrs. Althouse was the maker of the note and Zimmerman was the endorser. While both of them were liable to the Terre Hill National Bank, the obtaining of judgment by that bank against them did not change their relation as to the primary liability on the note. It is provided in chapter 4, section 192, of the Negotiable Instruments Act of May 16, 1901, P. L. 194, that "the person 'primarily' liable on an instrument is the person who, by the terms of the instrument, is absolutely required to pay the same. All other parties are 'secondarily' liable." By chapter 1, section 119, article VIII, it is declared that "a negotiable instrument is discharged: (1) By payment in due course by or on behalf of the principal debtor. (2) By payment in due course by the party accommodated, where the instrument is made or accepted for accommodation. . . . (5) When the principal debtor becomes the holder of the instrument, at or after maturity, in his own right." In Buckwalter's Admin'r v. Shirk, 11 D. & C. 78, 40 Lanc. Law Rev. 541, this court decided that "the rights and liabilities of accommodation signers of a promissory note are fixed by the position in which their names appear on the instrument, and one who signs a promissory note as maker assumes a primary liability and cannot escape the consequences by subsequently alleging that he signed it as an accommodation for subsequent endorsers, and he cannot recover on the note against such endorsers after he has paid it." It fol-

lows that he cannot, after he has paid a judgment obtained by a holder on a note on which he appears as maker, keep it alive as against an endorser on the note, against whom the holder has also obtained judgment. Having paid the judgment, it is canceled as to all the subsequent parties on the note.

We are, therefore, of the opinion that the rule for judgment for want of a sufficient affidavit of defense should be discharged, and the rule to show cause why the judgment should not be marked satisfied should be made absolute.

Rule for judgment for want of a sufficient affidavit of defense discharged.

Rule to show cause why judgment should not be marked satisfied made absolute.

From George Ross Eshleman, Lancaster, Pa.